IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br>*ex rel.* LAWRENCE LaBENNE,<br><br>Plaintiffs,<br><br>v.<br><br>KONINKLIJKE AHOLD DELHAIZE N.V., *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 18-925<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)** |

**ORDER**

The United States having intervened in part of this action filed by Relator Lawrence LaBenne ("Relator") pursuant to the *qui tam* provisions of the False Claims Act (FCA), 31 U.S.C. §§ 3729-33, and the United States and Relator having jointly stipulated to dismissal, pursuant to Fed. R. Civ. P. 41(a) and the FCA and consistent with a settlement agreement dated May 12, 2026, between the United States, the Defendants in this action, and Relator ("the Settlement Agreement"), of all claims asserted by Relator in this action on behalf of the United States, it is hereby ORDERED as follows:

1. The Relator's Complaint, the United States' Notice of Election to Intervene in Part and to Decline to Intervene in Part, the United States' and Relator's Joint Stipulation of Dismissal, and this Order be unsealed;

2. All other filings and orders on file in this action shall remain under seal;

3. The seal shall be lifted on all other matters occurring in this action after the date of this Order;

4. In accordance with, and subject to the terms of, the Settlement Agreement, all claims asserted by Relator on behalf of the United States in this action for the Covered Conduct,

as defined in Paragraph D of the Settlement Agreement ("the Covered Conduct"), are dismissed with prejudice;

5. Any and all claims asserted by Relator on behalf of the United States in this action for other than the Covered Conduct are dismissed with prejudice as to Relator but without prejudice to the United States or the States; and

6. This Order does not dismiss claims asserted by Relator in this action on behalf of the States named as additional plaintiffs, and does not dismiss any claims Relator has against the States for a relator's share of proceeds the States receive pursuant to state settlement agreements that have or may be entered into in connection with this action. The States shall file papers regarding the status of the state claims on or before the current July 13, 2026, intervention deadline.

Dated: June 9, 2026

s/David Stewart Cercone
SENIOR UNITED STATES DISTRICT JUDGE

cc: Paul E. Skirtich, Assistant U.S. Attorney